IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GERALD ARREDONDO | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-828 |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY  INSURANCE COMPANY | § | |
| and PABLO GARZA, | § | |
| *Defendants.* | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the lawsuit captioned Cause No. 2017-CI-13308; *Gerald Arredondo v. Nationwide Property and Casualty Insurance Company and Pablo Garza;* in the 166th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1.     Plaintiff Gerald Arredondo initiated the present action by filing his Original Petition in Cause No. 2017CI13308, in the 166th Judicial District of Bexar County, Texas on July 21, 2017 (the "State Court Action").[1]

2.     Nationwide appeared and answered on August 25, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

---

[1]     *See* **Exhibit A**, Plaintiff's Original Petition with citation.

[2]     *See* **Exhibit B**, Defendant Nationwide Property and Casualty Insurance Company's Original Answer.

3.      Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a fully copy of the state court file has been requested and will be filed upon receipt.

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Nationwide will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 166th  Judicial District Court of Bexar County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within 30 days of service on Nationwide of Plaintiff's Original Petition and less than one year after the commencement of this action.

6.      All properly joined defendants consent to the removal of this action; consent to removal is not required from improperly or fraudulently joined parties.[3]

## II.
## JURISDICTION

7.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

8.      Plaintiff is domiciled in Bexar County, Texas.[4] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

---

[3]     *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[4]     *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶ 1.

9.      Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

10.     Defendant Pablo Garza is domiciled in the State of Texas. However, as explained below, Garza's citizenship should be disregarded because he has been improperly joined to this action.[5]

11.     Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### i.      Improper Joinder

12.     A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has not state a claim against a defendant that he properly alleges is non-diverse.[6]

13.     A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[7] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[8] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief" under Texas law.[9] In undertaking its decision, courts are to apply federal pleading standards to the asserted state court

---

[5]     *See Jernigan*, 989 F.2d at 815.

[6]     *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp.*, 818 F.3d 193, 199 (5th Cir. 2016).

[7]     *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.2d 568, 573 (5th Cir. 2004)).

[8]     *Id.*

[9]     *See Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

claim.[10] A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[11] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[12]

14.     In this case, Plaintiff has not stated a plausible claim against Garza.  Garza was not the adjuster on Plaintiff's insurance claim with Nationwide; Garza was a licensed engineer retained by Nationwide to provide an evaluation of the damage to Plaintiff's property. A licensed engineer retained by an insurance company under such circumstances is not a "person" who may be held liable under Chapter 541 of the Texas Insurance Code because he is not "engaged in the business of insurance."[13] Moreover, because Garza is a licensed engineer, Plaintiff's claims against Garza are subject to dismissal because Plaintiff failed to file a Certificate of Merit as required by the Section 150.001, *et seq.* of the Texas Civil Practice and Remedies Code. Finally, to the extent Plaintiff's allegations may be found sufficient to assert that Garza was engaged in the business of insurance, Plaintiff's allegations fail to state a claim under the particular subsections of Chapter 541 of the Texas Insurance Code that Plaintiff alleges Garza violated.

---

[10]   *Int'l Energy Ventures*, 818 F.3d  at 200-08

[11]   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12]   *Id.* at 570.

[13]   *See Dagley v. Haag Eng. Co.*, 18 S.W.3d 787, 792-93 (Tex. App. – Houston [14th Dist.] 2000, no writ) (holding that an independent firm hired to provide engineering service cannot be said to have engaged in the business of insurance to be subject to suit under Chapter 541).

**B.      Amount in Controversy**

15.      Plaintiff's Original Petition states that Plaintiff seeks "monetary relief over $100,000 but not more than $200,000."[14] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

16.      Plaintiff further seeks compensation for (1) actual damages, (2) 18% penalty interest, (3) attorney's fees, and (5) pre and post-judgment interest.[15] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[16]

17.      The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

18.      Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

19.      WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

*(Signature on following page.)*

---

[14]     *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶ 5.

[15]     *See id.*

[16]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*

Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
lburgess@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT
NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 28th day of August, 2016.

Mr. Marc K. Whyte                    *9414 7266 9904 2061 9269 97*
Whyte PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
mwhyte@whytepllc.com
jsaenz@whytepllc.com

*/s/ Patrick M. Kemp*

Patrick M. Kemp